Judge Lane
delivered the opinion of the court:
In November, 1824, Robert Scott, guardian of all the minor children of Andrew Goudy, filed his petition, stating that the southeast quarter section of land, No. 10, in township 6, range 6, descended to them, in which Mary Goudy, the widow, had right of dower. That expenses had been incurred in the support of the several children, to pay which it was necessary to seil this land, and praying the court to order the dower to be set off, to cause partition amongst the heirs, and for the sale of the shares of the heirs to pay the expenses of their subsistence. ^Sections 2 and 9 of the statute of 1820 (2 Chase’s Stat. 1162) authorizes guardians of minors to bring petition and do any act necessary to make partition of the lands of their wards. A Scott was guardian of all inter *423 ested in this land, having the right both to institute and defend, or consent to proceedings. No process of an adversary character was necessary to confer jurisdiction upon the court.
*At the November term, 1824, the court finding the tendancy, order partition, and appointed commissioners to set off dower, and make partition. At the next term, the report of the commissioners is returned by the sheriff, showing dower, set-off, and appraisal of the land, because it could not be divided without prejudice. The report is confirmed by the court, and sale of the land is .ordered to be made by the sheriff, under the usual formalities, one-third of the purchase money to be brought into court, one-third to be secured by note or bond, payable in one year, and the remainder to be secured in the same manner, payable in two years, with interest. The case was duly continued until August, 1826, when the sheriff returned a sale to Eobert Dunlap, in conformity with the law ; that one-third of the money had been paid, or will be paid in hand, and the residue will be secured. Here the. record ends ; but a deed from the sheriff is produced, bearing date May 9, 1827, reciting the order, the sale to Dunlap for the consideration of §676, one-third of which is paid, and the remainder secured by notes, approved by the court, in two annual payments, etc., conveys the land to Dunlap. A certificate of the clerk, and the seal of the court, is appended, showing the acknowledgment of this deed in open court. There is no entry of such acknowledgment in the journal, nor of any act of the court approving the sale or security, or ordering distribution, of the money, but the sheriff will prove, if permitted, the acknowledgment of the deed in open court..
The plaintiff’s counsel assume that this sale is not to take effect, or the deed to be given, until after the money or securities are brought into court and distributed. The acts of courts in proceedings of this kind, being analogous to proceedings in rem, will always receive a favorable construction. 6 Ohio, 255. It will be observed that the statute requires no confirmation of the sale. Where the sheriff possessed authority to sell, his sale to a purchaser, in good faith, is effective. His other duties, prescribed by statute, are directory upon him. If he fail to bring the fruits of the sale into feourt, he becomes responsible to those entitled to them.
It is said, that an entry on the journal of the court, is the only *424 valid evidence of the acknowledgment oF the deed in open court. It is believed that the clerk, in this case, has conformed to the common practice, in giving an official certificate of this sort, on the deed. And we think this practice may be justified; acts of the court, to be valid, must be entered on the journal; but acts of *the sheriff in court, calling for no judicial action, are sufficiently authenticated by the certificate of the clerk under the seal of the court.
We find no defects in these proceedings sufficient to render the sale void, and therefore the title of the heirs has passed. The widow is not a party before us; how far her rights were affected by these proceedings is not adjudicated in this case.
Judgment for the defendant.